# IN THE COURT OF APPEALS OF IOWA

No. 16-0905
Filed February 8, 2017

**CHRISTOPHER MICHAEL MCCARTHY,**
Petitioner-Appellant,

**vs.**

**RENEE WERDEL,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Scott County, Nancy S. Tabor, Judge.

Christopher McCarthy appeals the paternity decree provision placing the parties' three children in Renee Werdel's physical care. **AFFIRMED.**

Andrew B. Howie of Shindler, Anderson, Goplerud & Weese, P.C., West Des Moines, for appellant.

Michael J. McCarthy of McCarthy, Lammers & Hines, Davenport, for appellee.

Considered by Danilson, C.J., and Doyle and McDonald, JJ. Tabor, J., takes no part.

**DANILSON, Chief Judge.**

Christopher (Chris) McCarthy and Renee Werdel have three children together, born in 2004, 2005, and 2008. Renee and Chris began their relationship in 2002. Renee has been the primary caregiver for the children. After living together for several years, Renee took the children to South Dakota and sought an emergency protective order. The South Dakota court denied emergency relief, noting Iowa had jurisdiction.

The Iowa district court considered the parties' requests for joint legal custody, each seeking physical care of the children. The district court entered a paternity decree placing the parties' three children in Renee's physical care. Chris appeals.

We review custody actions, which are tried in equity, de novo. Iowa R. App. P. 6.907. We give weight to the findings of the trial court—particularly its credibility findings—but we are not bound by them. Iowa R. App. P. 6.904(3)(g).

The trial court's reasons for placing the children in Renee's physical care—a determination of a history of domestic abuse by Chris, the historical role of Renee as primary caregiver of the children, and the children's strong bond with Renee's oldest child from another relationship—are fully supported by our de novo review of the record. We agree with the trial court "Renee is the best parent to be awarded primary physical care of the three minor children. Over the course of this long-term relationship, Renee has shown the better ability to identify the children's growing and changing needs and provide proper nurturing of the same." Chris testified he and Renee followed "gender role[s]" in their relationship, and it was Renee's responsibility to cook, clean, and care for the

children.  The evidence also supports the court's findings that Chris was abusive; the trial court noted several specific findings, which we need not repeat here. Contrary to Chris's contention that Renee had no support for her allegations, her mother, sister, and a neighbor all testified about Chris's controlling and abusive nature.  The district court specifically observed: "Much of Chris's testimony, demeanor, tone of voice and cavalier attitude, and attitude of he being the victim husband gives the Court many 'tells' of his true controlling nature."

We find no reason to disturb the trial court's ruling and we affirm.

**AFFIRMED.**